SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Galen P. Sallomi (SBN 306743)
gsallomi@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
HENKEL US OPERATIONS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>HENKEL US OPERATIONS CORPORATION; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. ________________<br><br>**DEFENDANT HENKEL US OPERATIONS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. §§ 1331, 1441, 1446]<br><br>Complaint Filed: June 6, 2025<br>Summons/Complaint Served: June 18, 2025<br><br>Removal from Superior Court of California, County of Santa Clara; Case No. 25CV467757 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF BRANDYN GRIFFIN AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Henkel US Operations Corporation ("Henkel" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction because Plaintiff asserted claims arising under the laws of the United States. Removal is proper for the reasons set forth below.

## PLEADINGS, PROCESSES, AND ORDERS

On June 6, 2025, plaintiff Brandyn Griffin ("Plaintiff") filed a purported Class Action Complaint against Henkel in the Superior Court of California, County of Santa Clara, entitled *BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees, Plaintiff, v. HENKEL US OPERATIONS CORPORATION; and DOES 1 through 25, Inclusive, Defendants*,, Case No. 25CV467757 ("Complaint"). A true and correct copy of the Summons, Complaint, and related process, pleadings, and orders served on Defendant with the Summons are attached hereto as **Exhibit A**.

The Complaint alleges the following twelve claims for relief: (1) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Minimum Wages); (2) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime); (3) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Meal Break Violations); (4) Violation of Cal. Labor Code § 226.7 (Rest Break Violations); (5) Violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment); (6) Violation of Cal. Labor Code § 226(a) (Wage Statement Violations); (7) Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely Final Wages); (8) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses); (9) Violation of Cal. Labor Code §§ 925 and Cal. Business & Professions Code § 16600, et seq. (Unlawful Non-Compete/Non-Solicitation Agreements); (10) Violation of Cal. Business & Professions Code §§ 17200, et seq.; (11) Violation of 15 U.S.C. §§1681 b(b)(2)(A) (Fair Credit Reporting Act); and (12) Violation of California Civil Code §1786, et seq. (Investigative Consumer Reporting Agencies Act).

The Complaint seeks to certify the following two classes:

> The proposed Class is defined as follows: All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.

> The proposed "FCRA/ICRAA Class" is defined as follows: All prospective, current and former hourly-paid and/or non-exempt employees of Defendants in the State of California on whom Defendants ran background check(s) at any time during the period from five years prior to the date of the filing of this Complaint until final judgment.

On June 17, 2025, Henkel filed an Answer to the Complaint in the Superior Court of California, County of Santa Clara. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

All process, pleadings, notices, and orders served upon Defendant in this action are attached as **Exhibit A** pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

## TIMELINESS OF REMOVAL

On June 18, 2025, Plaintiff served Defendant with the Summons and Complaint.

This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

## BASIS FOR REMOVAL

### I. JURISDICTION BASED ON FEDERAL QUESTION (FEDERAL CLAIM)

This Court has original federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") The federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. creates a right to privacy by enabling job applicants to withhold permission to obtain a consumer report from a prospective employer. The Ninth Circuit has held applicants suffer a concrete injury when deprived of their ability to meaningfully authorize the report.

*Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017). Thus, the plaintiff in *Syed* "allege[d] a concrete injury and has Article III standing" because he alleged his employer failed to provide compliant disclosures.[1] *Id.*

Here, Plaintiff brought a cause of action pursuant to the FCRA. Ex. A, Compl. ¶¶ 4, 28, 105-114. Specifically, Plaintiff alleges, *inter alia*, "When Plaintiff and the other Class Members applied for employment with Defendants [sic], Defendants [sic] obtained consumer reports on Plaintiff and the other Class Members but ***failed to provide compliant disclosures*** to Plaintiff and the other Class Members as required by Section 1681b(b)(2)(a) of FCRA." Ex. A at ¶ 110 (emphasis added). Plaintiff claims he and the putative class have been "injured by having their rights to privacy and other protected statutory rights invaded in violation of FCRA." *Id.* ¶ 112. The Complaint seeks damages, specifically alleging that "Plaintiff therefore seeks all available remedies on their own behalf and on behalf of the 18 class pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive relief and attorneys' fees and costs." *Id.* ¶ 113. Thus, as in *Syed*, Plaintiff has alleged more than a "bare procedural violation" of the FCRA, as he alleges he suffered a concrete harm.

As such, this is a civil action arising under the laws of the United States over which this Court has original jurisdiction and this case is removable under 28 U.S.C. §§ 1331 and 1441 on federal question grounds. See 28 U.S.C. §§ 1331, 1441(a).

## II. JURISDICTION BASED ON FEDERAL QUESTION (CLASS ACTION FAIRNESS ACT)

Should the Court consider remanding this case, Defendant reserves the right to introduce evidence and argue that this Court has original jurisdiction over this action also under the CAFA, codified in relevant part in 28 U.S.C. § 1332(d)(2) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, is a purported class action in which the named plaintiff is a citizen of a State different from that of Defendant (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100. *See* 28 U.S.C. §§ 1332(d)(5)(B).

## III. SUPPLEMENTAL JURISDICTION

[1] In *Syed*, the non-compliant disclosure deprived the plaintiff of his ability to meaningfully authorize the credit check because it included a liability waiver. Here, Plaintiff's complaint is silent as to the specific reason why the allegedly non-compliant disclosure deprived him of his ability to meaningfully authorize the credit check, however the underlying injury is identical.

The Court has authority, pursuant to 28 U.S.C. § 1367, to hear claims that would not independently fall under its subject matter jurisdiction, provided these claims are part of the same "case or controversy" as a claim properly within the Court's original jurisdiction. Here, Plaintiff has brought a claim under the FCRA and an analogous California statute, the Investigative Consumer Reporting Agencies Act ("ICRAA"). Like the FCRA, the ICRAA provides that an employer may obtain an investigative consumer report only if the applicant "has authorized in writing the procurement of the report." California Labor code section 1786.2(b). In this case, Plaintiff alleges Defendant "procured investigative consumer reports" but failed to comply with this section by "failing to provide adequate written disclosures" and by obtaining such reports "without first providing a written disclosure." Ex. A. at ¶ 121.

Plaintiff's claims for violations of the FCRA and the ICRAA arise from the same core of common facts and are so related that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see* Ex. A at 25-27. Therefore, the Court may exercise supplemental jurisdiction over these claims.

## VENUE

Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of Santa Clara and thus should be removed to the San Francisco, San Jose, or Oakland Division of this Court per Civil Local Rules 3-2(c) and (d).

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara as required under 28 U.S.C. § 1446(d).

## RESERVATION OF RIGHTS

By filing this Notice of Removal, Defendant does not concede nor waive any defense to this action, including that Plaintiff lacks standing to bring this action and that this Court does not have personal jurisdiction over Defendant as to some or all of the putative class members. Defendant reserves

all defenses relating to the Court's jurisdiction and the justiciability of this action.

## PRAYER FOR REMOVAL

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of California, County of Santa Clara to the United States District Court for the Northern District of California, San Francisco, San Jose, or Oakland Division.

DATED: July 18, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Andrew M. McNaught*
Andrew M. McNaught
Galen P. Sallomi

Attorneys for Defendant
HENKEL US OPERATIONS CORPORATION

319103647v.3

# EXHIBIT A

**null / ALL**
**Transmittal Number: 31661448**
**Date Processed: 06/18/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Melissa Jacobs<br>Henkel of America, Inc.<br>1 Henkel Way<br>Rocky Hill, CT 06067-3581 |
| **Electronic copy provided to:** | Sarah Jeffreys<br>Deborah Vennos<br>David Mitchell |

| | |
|---|---|
| **Entity:** | Henkel US Operations Corporation<br>Entity ID Number 2777609 |
| **Entity Served:** | Henkel US Operations Corporation |
| **Title of Action:** | Brandyn Griffin vs. Henkel US Operations Corporation |
| **Matter Name/ID:** | Brandyn Griffin vs. Henkel US Operations Corporation (17487196) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Santa Clara County Superior Court, CA |
| **Case/Reference No:** | 25CV467757 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/18/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Blackstone Law, APC<br>310-622-4278 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
6/6/2025 9:19 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV467757
Reviewed By: M. Arechiga
Envelope: 19642311

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HENKEL US OPERATIONS CORPORATION; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court
191 North First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 25CV467757

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sage S. Stone, 8383 Wilshire Boulevard, Suite 745 Beverly Hills, California 90211, (310) 622-4278

DATE: *(Fecha)* 6/6/2025 9:19 PM Clerk of Court Clerk, by *(Secretario)* M. Arechiga , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: HENKEL US OPERATIONS CORPORATION

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

E-FILED
6/6/2025 9:19 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV467757
Reviewed By: M. Arechiga

Sage Stone (SBN 304086)
sstone@blackstonepc.com
Zachary T. Gershman (SBN 328004)
zgershman@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Facsimile: (855) 786-6356

*Attorneys for* Plaintiff BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SANTA CLARA**

BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees,

Plaintiff,

vs.

HENKEL US OPERATIONS CORPORATION; and DOES 1 through 25, inclusive,

Defendants.

Case No.: 25CV467757

**CLASS ACTION COMPLAINT**

**(1) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Minimum Wages)**

**(2) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**

**(3) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Meal Break Violations)**

**(4) Violation of Cal. Labor Code § 226.7 (Rest Break Violations)**

**(5) Violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**

**(6) Violation of Cal. Labor Code § 226(a) (Wage Statement Violations)**

**(7) Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely Final Wages)**

**(8) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**

**(9) Violation of Cal. Labor Code §§ 925 and Cal. Business & Professions Code § 16600, et seq. (Unlawful Non-Compete/Non-Solicitation Agreements)**

**(10) Violation of Cal. Business &**

**Professions Code §§ 17200, *et seq.***

**(11) Violation of 15 U.S.C. §§1681 b(b)(2)(A) (Fair Credit Reporting Act)**

**(12) Violation of California Civil Code §1786, *et seq.* (Investigative Consumer Reporting Agencies Act)**

**DEMAND FOR JURY TRIAL**

Plaintiff BRANDYN GRIFFIN ("Plaintiff"), individually, and on behalf of other similarly situated employees, alleges as follows against Defendant HENKEL US OPERATIONS CORPORATION, and DOES 1 through 25, inclusive (collectively, "Defendants"):

## INTRODUCTION

1. This is a class action to recover damages on behalf of Plaintiff and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2. Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, failed to reimburse them for necessary business expenses, and subjected them to and/or presented them with and/or required them to sign agreements that contain unlawful post-employment non-compete/non-solicitation provisions.

3. Plaintiff further alleges causes of action for Defendants' failure to provide background check forms which comply with the Fair Credit Reporting Act and Investigative Consumer Reporting Agencies Act, to their current and former employees before obtaining employment consumer reports from third parties.

4. As a result, Defendants violated, *inter alia,* California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 925, 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Order, California Business and Professions Code section 16600, the Fair Credit Reporting Act, and the Investigative Consumer Reporting Agencies Act. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

///

**JURISDICTION AND VENUE**

5. This is a class action lawsuit brought pursuant to California Code of Civil Procedure section 382.

6. The monetary damages, restitution, statutory penalties, and other applicable legal and equitable relief sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

7. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, and/or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business throughout the State of California, including the County of Santa Clara. The acts, events, and violations alleged herein relating to Plaintiff occurred throughout the State of California.

**THE PARTIES**

10. At all times herein mentioned, Plaintiff BRANDYN GRIFFIN is and was an individual residing in the State of California.

11. At all times herein mentioned, Defendant HENKEL US OPERATIONS CORPORATION was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout the State of California, including Santa Clara County.

12. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and

serve such fictitiously named Defendants once their names and capacities become known.

13. Plaintiff is informed and believes, and thereon alleges, that the acts and omissions alleged herein were performed by, or are attributable to defendant HENKEL US OPERATIONS CORPORATION and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

14. At all relevant times, Defendants were the employers of Plaintiff within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

15. Defendants had the authority to hire and terminate Plaintiff and the other Class Members, to set work rules and conditions governing Plaintiff and the other Class Members' employment, and to supervise their daily employment activities.

16. Defendants exercised sufficient authority over the terms and conditions of Plaintiff and the other Class Members' employment for them to be joint employers of Plaintiff and the other Class Members.

17. Defendants directly hired and paid wages to Plaintiff and the other Class Members.

18. Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

19. At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

20. Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

///

## GENERAL ALLEGATIONS

21. Plaintiff BRANDYN GRIFFIN worked for Defendants from approximately August 2021 through approximately September 2023 as a Material Handler. Defendants jointly and severally employed BRANDYN GRIFFIN at one of their California locations. BRANDYN GRIFFIN performed various duties for Defendants including, among other things, operating a forklift to move products and organizing orders.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiff and the other Class Members to work off-the-clock without compensation, failing to properly pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled and failing to pay meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage statements, failing to reimburse necessary business-related expenses, and failing to adhere to other related protections afforded by the California Labor Code and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiff and the other Class Members have been subjected to and/or presented with and/or required to sign agreements that contain one or more post-employment non-compete/non-solicitation clauses that restrain their engagement in a lawful profession, trade or business.

23. Defendants knew or should have known that they had a duty to compensate Plaintiff and the other Class Members pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants' profits.

24. Further, Defendants failed to provide background check forms which comply with the Fair Credit Reporting Act and Investigative Consumer Reporting Agencies Act to their current and former employees before obtaining employment consumer reports from third parties.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure

section 382. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under California Code of Civil Procedure section 382.

26. The proposed **Class** is defined as follows:

**All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

27. The proposed **Former Employee Sub-Class** is defined as follows:

**All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

28. The proposed **"FCRA/ICRAA Class"** is defined as follows:

**All prospective, current and former hourly-paid and/or non-exempt employees of Defendants in the State of California on whom Defendants ran background check(s) at any time during the period from five years prior to the date of the filing of this Complaint until final judgment.**

29. Plaintiff reserves the right to establish additional subclasses as appropriate.

30. There is a well-defined community of interest in this litigation and the Class is easily ascertainable. While the exact number and identities of Class Members are currently unknown to Plaintiff, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

31. The Class is so numerous that the individual joinder of all its members is impracticable.

32. Common questions of fact and law exist as to all Class Members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include the following:

i. Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

ii. Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and the other Class Members for all overtime hours worked;

iii. Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiff and the other Class Members;

iv. Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiff and the other Class Members;

v. Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

vi. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

vii. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

viii. Whether Defendants failed to pay all wages due to Plaintiff and the other Class Members within the required time upon their discharge or resignation;

ix. Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

x. Whether Defendants failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs;

xi. Whether Defendants' conduct was willful or reckless;

xii. Whether Defendants entered into, implemented, and enforced non-compete/non-solicitation agreements that are unlawful and void in violation of Cal. Labor Code §§ 925 and Cal. Business & Professions Code § 16600, *et seq.*;

xiii. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

xiv. The appropriate amount of damages, restitution, and/or monetary penalties resulting

from Defendants' violation of California law;

xv. Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code; and

xvi. Whether Defendants willfully failed to provide its prospective employees with stand-alone written disclosures before obtaining background reports in compliance with the statutory mandates.

33. Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are coincident with and not antagonistic to those of the other Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intends to prosecute this action vigorously.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, and/or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

35. Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

///

///

///

**FIRST CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1**

**Failure to Pay Minimum Wage**

**(Against All Defendants)**

36. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

37. California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking in or after clocking out for their shifts, such that they were not paid minimum wage for all hours worked.

38. Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

39. Defendants knew or should have known that Plaintiff and the other Class Members were performing such work "off-the-clock" because, among other things, Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiff and Class Members to perform such work.

40. Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

41. Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

**SECOND CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 510 AND 1198**

**Unpaid Overtime**

**(Against All Defendants)**

42. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

43. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons for extended periods of time without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

44. Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiff and the other Class Members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek.

45. The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiff and the other Class Members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

46. California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47. Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiff and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. Defendants' failure to pay correct

overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

48. Defendants' failure to pay Plaintiff and the other Class Members as outlined above violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is therefore unlawful.

49. Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(a)**

**Meal Break Violations**

**(Against All Defendants)**

50. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

51. California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

52. California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC Order.

53. The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

54. The applicable IWC Wage Order and California Labor Code section 512(a) further

provide that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

55. Plaintiff and the other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

56. Plaintiff and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

57. Defendants intentionally and willfully required Plaintiff and the other Class Members to work during meal periods and failed to compensate Plaintiff and the other Class Members for work performed during meal periods. This includes, among other things, requiring Plaintiff and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, and restricting Plaintiff and Class Members from leaving the premises during their lunch breaks.

58. During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for meal period premiums and/or merely using straight time pay to calculate regular rates of pay for meal period premiums.

59. Defendants' conduct therefore violates the applicable IWC Wage Order and California

Labor Code sections 226.7 and 512(a).

60. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided as well as interest thereon.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE § 226.7**

**Rest Break Violations**

**(Against All Defendants)**

61. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

62. California Labor Code section 226.7 and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

63. California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

64. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

65. Defendants routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

66. Moreover, Defendants willfully required, suffered, and permitted Plaintiff and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks.

67. As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

68. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

69. Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest period premiums.

70. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not provided as well as interest thereon.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 204 AND 210**

**Wages Not Timely Paid During Employment**

**(Against All Defendants)**

71. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

72. California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed.

73. California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of

the following month.

74. California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

75. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to timely pay Plaintiff and the other Class Members all wages due to them within the period permissible under California Labor Code section 204.

76. Plaintiff and the other Class Members are entitled to recover all available remedies for Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to California Labor Code section 210(b).

**<u>SIXTH CAUSE OF ACTION</u>**

**VIOLATION OF CAL. LABOR CODE § 226(a)**

**Wage Statement Violations**

**(Against All Defendants)**

77. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

78. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

79. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a).

80. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other Class Members have suffered injury and damage to their statutorily protected rights.

81. Specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

82. Plaintiff and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

**<u>SEVENTH CAUSE OF ACTION</u>**

**VIOLATION OF CAL. LABOR CODE §§ 201, 202, AND 203**

**Untimely Final Wages**

**(Against All Defendants)**

83. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

84. Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

85. California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

86. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and Class Members as they became due, as required per California Labor Code section 204.

87. As a result, Plaintiff and the other Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 2800 AND 2802**

**Failure to Reimburse Necessary Business Expenses**

**(Against All Defendants)**

88. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

89. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of the employee's job duties or in direct consequence of the employee's job duties or in direct consequence of the employee's obedience to the directions of the employer.

90. Plaintiff and the other Class Members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

91. Defendants intentionally and willfully failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs. Plaintiff and the other Class Members

are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**NINTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE § 925 AND**

**CAL. BUSINESS & PROFESSIONS CODE § 16600, *ET SEQ.***

**Unlawful Non-Compete/Non-Solicitation Agreements**

**(Against All Defendants)**

92. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

93. California Labor Code section 925(a)(2) prohibits an employer from requiring an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would "deprive the employee of the substantive protection of California with respect to a controversy arising in California." In direct contravention to California Labor Code section 925(a)(2), Defendants require employees who primarily reside and work in California, as a condition of employment, to agree to non-compete/non-solicitation provisions – provisions that would deprive employees of the substantive protection of California with respect to a controversy arising in California. California Labor Code section 925(b) provides that "[a]ny provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute." Further, California Labor Code section 925(c) provides that "[i]n addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees."

94. California Business and Professions Code section 16600 prohibits non-competition/non-solicitation agreements. Specifically, the Code states "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

95. Any contract restraining anyone from engaging in a lawful profession, trade, or

business of any kind – a non-compete/non-solicitation contract - therefore is against public policy if the contract does not fall within one of the limited exceptions in California Business and Professions Code section 16600. None of the limited exceptions are applicable here. An agreement that restrains anyone from engaging in a lawful profession, trade, or business of any kind is a non-compete.

96. California Business and Professions Code section 16600.5 provides:

i. Any contract that is void under this chapter is unenforceable regardless of where and when the contract was signed.

ii. An employer or former employer shall not attempt to enforce a contract that is void under this chapter regardless of whether the contract was signed and the employment was maintained outside of California.

iii. An employer shall not enter into a contract with an employee or prospective employee that includes a provision that is void under this chapter.

iv. An employer that enters into a contract that is void under this chapter or attempts to enforce a contract that is void under this chapter commits a civil violation.

v. (1) An employee, former employee, or prospective employee may bring a private right of action to enforce this chapter for injunctive relief or the recovery of actual damages, or both. (2) In addition to the remedies described in paragraph (1), a prevailing employee, former employee, or prospective employee in an action based on a violation of this chapter shall be entitled to recover reasonable attorney's fees and costs

97. At all times relevant, Plaintiff and the other Class Members have been subjected to and/or presented with and/or required to sign agreements that contain one or more post-employment non-compete/non-solicitation clauses that restrain their engagement in a lawful profession, trade or business.

98. Accordingly, Plaintiff and the other Class Members seek any and all remedies including, but not limited to, declaratory and injunctive relief, damages, monetary relief, and recovery of reasonable attorneys' fees and costs pursuant to including but not limited to those permitted by

California Labor Code section 925 and California Business and Professions Code section 16600, *et. seq*.

**TENTH CAUSE OF ACTION**

**VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET. SEQ.***

**Unfair and Unlawful Business Practices**

**(Against All Defendants)**

99. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

100. Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure and refusal to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses and costs, Defendants' failure and refusal to timely pay wages upon termination, and Defendants' entering into, implementation of, and enforcement of unlawful non-compete/non-solicitation agreements or provisions constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq*.

101. Defendants' violations of California wage and hour laws constitute unfair and unlawful business practices because, among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the other Class Members.

102. Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

103. As a result of Defendants' unfair and unlawful business practices, Defendants have

reaped unfair and illegal profits during Plaintiff and the other Class Members' tenure at the expense of Plaintiff, the other Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the other Class Members.

104. Defendants' unfair and unlawful business practices entitle Plaintiff and the other Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and the other Class Members the wages and other compensation unlawfully withheld from them. Plaintiff and the other Class Members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF 15 U.S.C. §§ 1681b(b)(2)(A)**

**Failure To Make Proper Disclosure in Violation Of FCRA**

**(Against All Defendants)**

105. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

106. Defendants are "persons" as defined by Section 1681a(b) of FCRA.

107. Plaintiff and the other Class Members are "consumers" within the meaning of Section 1681a(c) of FCRA because they are individuals.

108. Section 1681a(d)(1) of FCRA defines a "consumer report" as: "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for… employment purposes." Thus, a credit and/or background report qualifies as a consumer report.

109. Section 1681b(b)(2)(a) of FCRA sets forth the "conditions for furnishing and using consumer reports for employment purposes," and provides in relevant part: "Disclosure to consumer. (A) In general Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-- (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time

before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person."

110. When Plaintiff and the other Class Members applied for employment with Defendants, Defendants obtained consumer reports on Plaintiff and the other Class Members but failed to provide complaint disclosures to Plaintiff and the other Class Members as required by Section 1681b(b)(2)(a) of FCRA.

111. Defendants' conduct in violation of Section 1681b(b)(2)(a) of FCRA was and is willful. Defendants acted in deliberate and reckless disregard of their obligations and the rights of applicants and employees including Plaintiff and the other Class Members as shown by the facts that: (1) Defendants are large corporations with access to legal advice; and (2) Defendants are sophisticated and employ a significant number of employees.

112. As a result of Defendants' illegal procurement of credit and background reports Plaintiff and the other Class Members have been injured by having their rights to privacy and other protected statutory rights invaded in violation of FCRA.

113. Plaintiff therefore seeks all available remedies on their own behalf and on behalf of the class pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive relief and attorneys' fees and costs.

114. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleged that the violations were negligent, and seek the appropriate remedies, if any, under 15 U.S.C. section 1681o, including actual damages and attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE § 1786, *ET SEQ.*

### Failure To Make Proper Disclosure in Violation of ICRAA

### (Against All Defendants)

115. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

116. Defendants are "persons" as defined by Section 1786.2(a) of the Investigative

Consumer Reporting Agencies Act (ICRAA").

117. Plaintiff and the other Class Members are "consumers" within the meaning of Section 1786.2(b) of the ICRAA because they are "individuals."

118. Section 1786.2(c) of the ICRAA defines the term "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." Thus, a background check qualifies as an investigative consumer report under ICRAA.

119. Section 1768.16(a)(2) of ICRAA provides in relevant part:

> "(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply: …
>
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
> (i) An investigative consumer report may be obtained.
>
> (ii) The permissible purpose of the report is identified.
>
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>
> (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
>
> (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
>
> (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv)…"
>
> (C) The consumer has authorized in writing the procurement of the report.

120. Defendants procured investigative consumer reports for its prospective employees as defined in section 1786.2(c) of the ICRAA but failed to comply with Section 1768.16(a)(2).

121. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

practice of failing to provide adequate written disclosures to applicants and employees before procuring background checks or causing background checks to be procured. As described above, pursuant to that policy and practice, Defendants procured background checks or caused background checks to be prepared for Plaintiff and the other Class Members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

122. Defendants' conduct in violation of Section 1786.16(a)(2)(13) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard for their obligations and the rights of applicants and employees, including Plaintiff and the other Class Members. Defendants' willful conduct is reflected by, among other things, the following facts: (1) Defendants are large corporations with access to legal advice; and (2) Defendants are sophisticated and employ a significant number of employees.

123. As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and the other Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of ICRAA.

124. Plaintiff, on their own behalf and on behalf of the other Class Members, seeks all available remedies pursuant to Cal. Civ. Code section 1786.50, including statutory damages and/or actual damages, punitive damages and attorneys' fees and costs.

125. In the alternative to Plaintiff's allegations that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code 1786.50(a), including actual damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and
4. That Defendants provide to Class Counsel the names and most current/last known

contact information (addresses, e-mails, and telephone numbers) of all Class Members.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other Class Members;

6. For general unpaid wages and such general and special damages as may be appropriate;

7. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other Class Members in the amount as may be established according to proof at trial;

8. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

9. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

10. For liquidated damages pursuant to California Labor Code section 1194.2; and

11. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

12. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and the other Class Members;

13. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order by willfully failing to provide all

meal periods (including second meal periods) to Plaintiff and the other Class Members;

18. For premium wages pursuant to California Labor Code section 226.7(c);

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For pre-judgment interest on any unpaid wages from the date such amounts were due;

21. For reasonable attorneys' fees and costs of suit incurred herein; and

22. For such other and further relief as the Court may deem just and proper.

**<u>As to the Fourth Cause Action</u>**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods to Plaintiff and the other Class Members;

24. For premium wages pursuant to California Labor Code section 226.7(c);

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

27. For such other and further relief as the Court may deem just and proper.

**<u>As to the Fifth Cause of Action</u>**

28. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other Class Members;

29. For statutory penalties pursuant to California Labor Code section 210; and

30. For such other and further relief as the Court deems just and proper.

**<u>As to the Sixth Cause of Action</u>**

31. That the Court declare, adjudge, and decree that Defendants violated the provisions of California Labor Code section 226(a) as to Plaintiff and the other Class Members, and willfully failed to provide accurate itemized wage statements to them;

32. For actual, consequential, and incidental losses and damages, according to proof;

33. For statutory penalties pursuant to California Labor Code section 226(e);

34. For injunctive relief to ensure compliance with this section, pursuant to

California Labor Code section 226(h); and

35. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

36. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other Class Members no longer employed by Defendants;

37. For all actual, consequential, and incidental losses and damages, according to proof;

38. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other Class Members who have left Defendants' employ;

39. For pre-judgment interest on any unpaid compensation from the date due; and

40. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

41. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other Class Members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

42. For actual, consequential, and incidental losses and damages, according to proof;

43. For the imposition of civil penalties and/or statutory penalties;

44. For reasonable attorneys' fees and costs of suit incurred herein; and

45. For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

46. For any and all remedies including, but not limited to, declaratory and injunctive relief, damages, monetary relief, and recovery of reasonable attorneys' fees and costs pursuant to including but not limited to those permitted by California Labor Code section 925 and California Business and Professions Code section 16600, *et. seq.*; and

47. For such other and further relief as the Court may deem just and proper.

///

**As to the Tenth Cause of Action**

48. That the Court declare, adjudge, and decree that Defendants violated the following California Labor Code sections as to Plaintiff and the other Class Members: 1194, 1197, and 1197.1 (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a) (by failing to provide meal and rest periods or compensation in lieu thereof); 204 (by failing to timely pay wages during employment); 226(a) (by failing to provide accurate wage statements); 201, 202, and 203 (by failing to pay all wages owed upon termination); 2800 and 2802 (by failing to reimburse business-related expenses); and California Business and Professions Code section 16600 (by requiring unlawful non-compete agreements);

49. For restitution of unpaid wages to Plaintiff and all the other Class Members and all pre-judgment interest from the day such amounts were due and payable;

50. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

51. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

52. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*

**As to the Eleventh Cause of Action**

53. For the imposition of civil penalties and/or statutory penalties;

54. For the imposition of punitive damages;

55. For reasonable attorneys' fees and costs of suit incurred herein; and

56. For such other and further relief as the Court may deem just and proper.

**As to the Twelfth Cause of Action**

57. For the imposition of civil penalties and/or statutory penalties;

58. For the imposition of punitive damages;

59. For reasonable attorneys' fees and costs of suit incurred herein; and

///

60. For such other and further relief as the Court may deem just and proper.

Dated: June 6, 2025

**BLACKSTONE LAW, APC**

By: ______________________

Sage Stone, Esq.
Zachary T. Gershman

*Attorneys for* Plaintiff BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: June 6, 2025

**BLACKSTONE LAW, APC**

By: ______________________

Sage Stone, Esq.
Zachary T. Gershman

*Attorneys for* Plaintiff BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Sage S. Stone (State Bar No. 304086); Zachary T. Gershman (State Bar No. 328004)
8383 Wilshire Boulevard, Suite 745, Beverly Hills, California 90211

TELEPHONE NO.: (310) 622-4278 FAX NO.: (855) 786-6356
EMAIL ADDRESS: sstone@blackstonepc.com, zgershman@blackstonepc.com
ATTORNEY FOR *(Name):* Plaintiff Brandyn Griffin

*FOR COURT USE ONLY*

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 6/6/2025 9:19 PM Reviewed By: M. Arechiga Case #25CV467757 Envelope: 19642311**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Brandyn Griffin v. Henkel US Operations Corporation et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV467757
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 12
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 6, 2025

Sage S. Stone
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: 25CV467757

## PLEASE READ THIS ENTIRE FORM

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms: https://www.scscourt.org/forms_filing.shtml and https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.*** *You may have the option, or be required, to appear remotely – see Local Civil Rule 8.*

**Your Case Management Judge is:** Adams, Charles F **Department:** 07

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
**Date:** 10/09/2025 **Time:** 2:31PM in **Department:** 07

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
**Date:** ______ **Time:** ______ in **Department:** ______

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.
***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# EXHIBIT B

**OBrien, Shari**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Thursday, July 17, 2025 2:22 PM |
| **To:** | OBrien, Shari |
| **Subject:** | Submitted Filing Notification for Case No. 25CV467757 (BRANDYN GRIFFIN vs HENKEL US OPERATIONS CORPORATION) |

**This Message Is From an External Sender**

This message came from outside your organization.

# Filing Submitted

Envelope Number: **20136103**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Contact Your Service Provider With Any Questions |
|---|
| Online: https://Onelegal.com [onelegal.com]<br>Phone: 800-938-8815 |

| Filing Details | |
|---|---|
| **Court** | Santa Clara Superior Court |
| **Date/Time Submitted:** | 7/17/2025 2:21 PM PST |
| **Filing Type:** | Answer/Response/Denial/Demurrer - First Appearance |
| **Activity Requested:** | EFile |
| **Filed By:** | Shari O'Brien-QX |

**Fee Details**

This envelope is pending review and fees may change.

| | |
|---|---|
| Case Fee Information | $7.99 |
| Payment Service Fees | $0.99 |
| Court Transaction Fees | $2.05 |
| E-File Fees | $4.95 |
| Answer/Response/Denial/Demurrer - First Appearance | $435.00 |
| Court Fees | $435.00 |

**Total:** $442.99 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead File:** | Grffin-Answer with pos.pdf |
| **Lead File Page Count:** | 13 |
| **File Copy** | https://california-efm.tylertech.cloud/ViewDocuments.aspx?FID=ef64c800-feb2-42e1-90af-aa3a0b28e0c1 [california-efm.tylertech.cloud]<br>This link is active for 548 days. |

Please do not reply to this email. It was generated automatically.
California EFiling Disclaimer: This is an official government communication. As the recipient, you are responsible for the lawful use of this information. This e-mail and any attachments are intended solely for the individual or agency to which they are addressed. They may be confidential and/or contain privileged or otherwise non-public information. Do not disseminate this e-mail and any attachments unless you are authorized to do so under applicable court rules or statutes. If you are not the intended recipient of this e-mail, do not copy, distribute, or take any action in reliance upon this e-mail or any attachments and delete this e-mail and any attachments immediately. Please consider the environment before printing this e-mail.

SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Galen P. Sallomi (SBN 306743)
gsallomi@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
HENKEL US OPERATIONS CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

BRANDYN GRIFFIN, individually, and on behalf of other similarly situated employees,

Plaintiff,

v.

HENKEL US OPERATIONS CORPORATION; and DOES 1 through 25, Inclusive,

Defendant.

Case No. 25CV467757

**DEFENDANT HENKEL US OPERATIONS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint Filed: June 6, 2025

Defendant HENKEL US OPERATIONS CORPORATION (collectively, "Defendant"), hereby answers the unverified Complaint filed by plaintiff Brandyn Griffin ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The additional defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any additional defenses contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following additional defenses to the Complaint:

### FIRST ADDITIONAL DEFENSE

**(Failure to State a Claim For Relief—All Causes of Action)**

1. The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND ADDITIONAL DEFENSE

**(Statute of Limitations—All Causes of Action)**

2. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 337, 338, 339, 340, and 343, California Business & Professions Code § 17208, and 15 U.S.C. § 1681p.

### THIRD ADDITIONAL DEFENSE

**(Estoppel—All Causes of Action)**

3. The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent are estopped by their conduct from asserting any cause of action against Defendant.

### FOURTH ADDITIONAL DEFENSE

**(Unclean Hands—All Causes of Action)**

4. The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

**FIFTH ADDITIONAL DEFENSE**

**(Laches—All Causes of Action)**

5. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

**SIXTH ADDITIONAL DEFENSE**

**(Offset—All Causes of Action)**

6. To the extent a court holds that Plaintiff, or any putative class member, is entitled to damages or penalties, which Defendant denies, Defendant is entitled to an offset for any overpayment of wages, business expenses, forgiveness of debt, and/or other consideration previously provided to Plaintiff and/or those individuals he seeks to represent.

**SEVENTH ADDITIONAL DEFENSE**

**(Ratification—All Causes of Action)**

7. Plaintiff's Complaint, and each cause of action alleged therein, is barred on the ground that Plaintiff and/or those individuals he seeks to represent ratified Defendant's alleged actions.

**EIGHTH ADDITIONAL DEFENSE**

**(Waiver—All Causes of Action)**

8. The Complaint, and each cause of action alleged therein, is barred on the ground that Plaintiff and/or those individuals he seeks to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

**NINTH ADDITIONAL DEFENSE**

**(*Res Judicata* and/or Collateral Estoppel—All Causes of Action)**

9. The Complaint is barred by the doctrines of *res judicata*, and/or collateral estoppel, to the extent that Plaintiff and/or those individuals he seeks to represent have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits or in other pending or past actions.

//

//

//

**TENTH ADDITIONAL DEFENSE**

**(Good Faith—All Causes of Action)**

10. Plaintiff and those individuals he seeks to represent are not entitled to any penalty because, at all times relevant and material herein, Defendant did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable wage orders.

**ELEVENTH ADDITIONAL DEFENSE**

**(Release—All Causes of Action)**

11. Plaintiff's Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have given a release in exchange for adequate consideration.

**TWELFTH ADDITIONAL DEFENSE**

**(Accord and Satisfaction—All Causes of Action)**

12. Defendant alleges that Plaintiff's claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and/or those individuals he seeks to represent were properly and fully compensated for all work performed for Defendant, and acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendant.

**THIRTEENTH ADDITIONAL DEFENSE**

**(Contribution by Plaintiff's Own Acts—All Causes of Action)**

13. The Complaint, and each purported cause of action alleged therein, is barred because any alleged injuries or damages were proximately caused or contributed to by the acts, omissions, or failure to act by Plaintiff and/or those individuals he seeks to represent.

**FOURTEENTH ADDITIONAL DEFENSE**

**(Avoidable Consequences—All Causes of Action)**

14. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of avoidable consequences.

**FIFTEENTH ADDITIONAL DEFENSE**

**(No Harm—All Causes of Action)**

15. Plaintiff and/or those individuals he seeks to represent suffered no concrete harm, and therefore lack standing to bring suit against Defendant.

**SIXTEENTH ADDITIONAL DEFENSE**

**(No Causation—All Causes of Action)**

16. Any damages sustained by Plaintiff and/or putative class members were not proximately caused by Defendant.

**SEVENTEENTH ADDITIONAL DEFENSE**

**(No Personal Jurisdiction—All Causes of Action)**

17. Defendant is not subject to general or specific personal jurisdiction in this court as to the claims belonging to some or all members of the putative classes defined in Plaintiff's Complaint.

**EIGHTEENTH ADDITIONAL DEFENSE**

**(Improper Venue—All Causes of Action)**

18. This Court is not the proper venue as to the claims belonging to some or all members of the putative class defined in Plaintiff's Complaint.

**NINETEENTH ADDITIONAL DEFENSE**

**(Good Faith Dispute—All Causes of Action)**

19. Plaintiff and those individuals he seeks to represent are not entitled to penalties or damages under the Labor Code because any alleged act or omission was undertaken in good faith, and Defendant had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code relating to minimum wage, or the applicable wage order.

**TWENTIETH ADDITIONAL DEFENSE**

**(Good Faith Dispute: Labor Code § 203—Seventh Cause of Action)**

20. Plaintiff and/or those individuals he seeks to represent are not entitled to penalties or damages under Labor Code section 203 because a good faith dispute exists as to Plaintiff's claims, and as to the monies allegedly owed at the time of the alleged termination, such that Defendant cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections.

**TWENTY-FIRST ADDITIONAL DEFENSE**

**(*De Minimis* Doctrine—First Through Seventh Causes of Action)**

21. Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff and/or those individuals he seeks to represent were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. *See, e.g., Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 848 (2018), *as modified on denial of reh'g* (Aug. 29, 2018) (observing that employers may not be reasonably required to compensate employees for time spent on activities that are minute or irregular).

**TWENTY-SECOND ADDITIONAL DEFENSE**

**(Lack of Knowledge—First Through Seventh Causes of Action)**

22. Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by, or timely meal and rest breaks allegedly denied to, Plaintiff or those individuals he seeks to represent. *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation").

**TWENTY-THIRD ADDITIONAL DEFENSE**

**(Not Compensable Time—First Through Seventh Causes of Action)**

23. Plaintiff's claims, and those of the individuals he seeks to represent, are precluded to the extent that part or all of the time for which pay is claimed is not compensable time or hours worked.

**TWENTY-FOURTH ADDITIONAL DEFENSE**

**(No Knowing and Intentional Violation—Sixth Cause of Action)**

24. Plaintiff, and those individuals he seeks to represent, are not entitled to recover any penalties for allegedly non-compliant pay statements because no knowing and intentional violation of Labor Code section 226 occurred.

**TWENTY-FIFTH ADDITIONAL DEFENSE**

**(No Injury—Sixth Cause of Action)**

25. Plaintiff and/or those individuals he seeks to represent have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

**TWENTY-SIXTH ADDITIONAL DEFENSE**

**(Labor Code § 2856—All Causes of Action)**

26. This Complaint is barred by Labor Code § 2856 to the extent that Plaintiff and/or those individuals he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

**TWENTY-SEVENTH ADDITIONAL DEFENSE**

**(Failure to Take Provided Meal Periods or Rest Breaks—Second Through Seventh Causes of Action)**

27. Plaintiff's claims for failure to provide meal periods and/or authorize and permit rest breaks are barred to the extent Plaintiff and/or those individuals he seeks to represent were provided all required meal and rest breaks and chose not to take the breaks provided.

**TWENTY-EIGHTH ADDITIONAL DEFENSE**

**(Waiver of Meal Periods—Second, Third, and Fifth Through Seventh Causes of Action)**

28. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

**TWENTY-NINTH ADDITIONAL DEFENSE**

**(Waiver of Second Meal Periods—Second, Third, and Fifth Through Seventh Causes of Action)**

29. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

**THIRTIETH ADDITIONAL DEFENSE**

**(Payment of Premium Wages—Second, Third, and Fifth Through Seventh Causes of Action)**

30. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or those individuals he seeks to represent were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period. The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

**THIRTY-FIRST ADDITIONAL DEFENSE**

**(No Standing—Ninth Cause of Action)**

31. As a former employee, Plaintiff lacks standing to seek equitable relief under the UCL.

**THIRTY-SECOND ADDITIONAL DEFENSE**

**(Unavailable Remedies / Adequate Remedy at Law—Ninth Cause of Action)**

32. Plaintiff's UCL cause of action fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL. Plaintiff's request for restitution or other equitable relief fails because Plaintiff, and those he seeks to represent, have an adequate remedy at law.

**THIRTY-THIRD ADDITIONAL DEFENSE**

**(No Unlawful, Unfair, or Fraudulent Business Practice—Ninth Cause of Action)**

33. Without admitting the allegations in the Complaint, Plaintiff's cause of action pursuant to California Business & Professions Code section 17200, *et seq*. fails because Defendant's practices are not unfair, unlawful, or fraudulent, and are not likely to deceive the public.

**THIRTY-FOURTH ADDITIONAL DEFENSE**

**(Improper Defendant—All Causes of Action)**

34. Plaintiff's claims against Defendant are barred to the extent that Plaintiff and/or those individuals he seeks to represent were not employed by Defendant, but rather by an employment agency or a different entity.

//

//

**THIRTY-FIFTH ADDITIONAL DEFENSE**

**(Cal. Labor Code Section 514—All Causes of Action)**

35. Plaintiff's claims, and the claims of those he seeks to represent, are precluded to the extent Plaintiff and/or the individuals he seeks to represent were covered by a valid collective bargaining agreement and otherwise meet the requirements of Section 514 of the California Labor Code.

**THIRTY-SIXTH ADDITIONAL DEFENSE**

**(LMRA Preemption—All Causes of Action)**

36. Plaintiff's claims, and the claims of those he seeks to represent, are preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent its resolution depends on interpretation of provisions of any collective bargaining agreement between Defendant and any union representing Plaintiff and/or the individuals he seeks to represent.

**THIRTY-SEVENTH ADDITIONAL DEFENSE**

**(NLRA Preemption—All Causes of Action)**

37. Plaintiff's claims, and the claims of those he seeks to represent, are preempted by sections 7 and 8 of the National Labor Relations Act (29 U.S.C. section 151 et seq.) to the extent its resolution depends on interpretation of any collective bargaining agreement between Defendant and any union representing Plaintiff and/or the individuals he seeks to represent.

**THIRTY-EIGHTH ADDITIONAL DEFENSE**

**(Failure to Exhaust Contractual Remedies—All Causes of Action)**

38. Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent Plaintiff or any individual he seeks to represent failed to exhaust the contract remedies of any applicable collective bargaining agreement.

**THIRTY-NINTH ADDITIONAL DEFENSE**

**(Lack of Standing—All Causes of Action)**

39. Plaintiff does not have standing to pursue some or all of the claims he purports to assert on behalf of others on a representative or class basis.

//

//

**FORTIETH ADDITIONAL DEFENSE**

**(Failure to Mitigate)**

40. To the extent that Plaintiff's and/or putative class members have failed to mitigate their alleged damages, Plaintiff's and/or the putative class members' claims for relief are barred.

**FORTY-FIRST ADDITIONAL DEFENSE**

**(Compliance with Disclosure and Authorization Requirements)**

41. At all relevant times, and before procuring any consumer report, Henkel complied with each of the disclosure and authorization requirements set forth in the Fair Credit Reporting ("FCRA"), the Investigative Consumer Reporting Agencies Act ("ICRAA"), and all other applicable laws.

**FORTY-SECOND ADDITIONAL DEFENSE**

**(Not Appropriate For Class Treatment)**

42. The Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff cannot establish commonality of claims; (b) Plaintiff cannot establish typicality of claims; and (c) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

**FORTY-THIRD ADDITIONAL DEFENSE**

**(Class Action Not Superior Method Of Adjudication)**

43. The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

**FORTY-FOURTH ADDITIONAL DEFENSE**

**(Inadequate Class Representative)**

44. The Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff is not an adequate representative of alleged class that he purports to represent. Henkel alleges that Plaintiff does not have claims typical of the alleged class, if any, and that Plaintiff's interests are antagonistic to the alleged class he purports to represent. As such, the class action claims and allegations fail as a matter of law.

**FORTY-FIFTH DEFENSE**

**(No Entitlement to Statutory/Punitive Damages In The Absence Of Any "Willful" Violation)**

45. Plaintiff and/or putative class members are not entitled to statutory and/or punitive damages because Henkel made good faith efforts to comply with the FCRA and ICRAA, and Henkel's reading of its obligations under the FCRA and ICRAA was objectively reasonable, not reckless, consistent with existing law, consistent with the relevant statutory text, and made in good faith.

**FORTY-FIFTH DEFENSE**

**(Incorporation by Reference as to Individual Claims—All Causes of Action)**

46. In the event that a class should be certified in this matter, Defendant incorporates by reference and re-alleges all of its defenses to Plaintiff's individual claims in response to Plaintiff's claims on behalf of the class and each putative class member.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff and all persons Plaintiff purports to represent by this action on all causes of action;

3. That Plaintiff's request for an order certifying a proposed class or classes be denied;

4. That Defendant be awarded reasonable attorneys' fees according to proof;

5. That Defendant be awarded the costs of suit incurred herein; and

6. That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: July 17, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ [signature]

Andrew M. McNaught
Galen P. Sallomi

Attorneys for Defendant
HENKEL US OPERATIONS CORPORATION

319090589v.2

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On July 17, 2025, I served the within document(s):

**DEFENDANT HENKEL US OPERATIONS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Sage Stone
Zachary T. Gershman
Blackstone Law, APC
8383 Wilshire Boulevard, Suite 745
Beverly Hills, CA 90211
Telephone: (310) 622-4278
Fax: (855) 786-6356
sstone@blackstonepc.com;
zgershman@blackstonepc.com

Attorneys for Plaintiff
BRANDYN GRIFFIN

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 17, 2025, at San Francisco, California.

Shari O'Brien